No. 35,237

CLIFFORD KESSINGER, *Petitioner*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent*.

(117 P. 2d 565)

Opinion filed October 11, 1941.

*Clifford Kessinger,* pro se.

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, for the respondent.

The opinion of the court was delivered by

DAWSON, C. J.: This petitioner presents an application for a writ of habeas corpus, seeking to be released from the state penitentiary where he is serving a term of imprisonment for the felonious crime of receiving and having in his possession stolen automobile tires of the value of more than $20, for which crime he was prosecuted, tried, convicted and sentenced in the district court of Pratt county.

The information alleged that the alleged crime was committed in Pratt county on the —— day of April, 1939. The trial was held on November 14, 1939, and a verdict of guilty was returned by the jury the same day. Sentence was deferred until November 23, 1939, which was a regular judicial day of the same term at which the verdict was returned. The record of the proceedings is full and complete, and shows that the petitioner was represented by an attorney of Medicine Lodge and by an attorney of St. John, both regularly qualified members of the bar of this state.

Petitioner's application for the writ states various grounds which will be noted and disposed of seriatim:

Petitioner says he "is serving an illegal sentence due to a fatally defective . . . and therefore unlawful sentence." This point is a mere conclusion of law, and unless some specific defect or illegality is developed as we proceed, it cannot be sustained.

It is next alleged that "non mention of a crime is made under the state statute law." This point is not good. The crime was mentioned, that is, pleaded, in plain and simple language—the felonious receiving and having in possession the stolen goods, to wit, automobile tires, described, which were of the value of more than $20, and were the property of Henry Zrubek and wife. Our statute denouncing such an act as a crime is G. S. 1935, 21-549, and the penalty therefor is prescribed by G. S. 1935, 21-533 and 21-534, where the value of the stolen property is more than $20.

It is next alleged that petitioner "is being forced to serve an indeterminate sentence for a crime of which he plead 'not guilty,' under duress and in ignorance of the law." Analyzing this complaint in detail, the imposition of an indeterminate sentence within maximum and minimum limits is the regular and lawful procedure in this state. Sentence was not imposed on petitioner on his plea of "not guilty," but after the jury had found to the contrary. The intimation of "duress" has no basis in the record. Ignorance of the law does not excuse the commission of crime.

It is also alleged that "no trial was granted," but the record is clearly to the contrary.

Petitioner challenges the state to produce the evidence used against him. That is not required of the state or its respondent officer in habeas corpus. The sufficiency of the evidence to convict could only be raised in an appeal from the judgment of the trial court. The same answer applies to petitioner's allegation that he "was refused testimony of even one witness." The exclusion of evidence is a matter which could only be corrected on appeal; and even in an appeal it would be necessary for the appellant to show the substance of the excluded testimony. (Civ. Code, § 307, G. S. 1935, 60-3004; Crim. Code, § 210, G, S. 1935, 62-1414; *State v. Wellman*, 102 Kan. 503, 512, 170 Pac. 1052.) As to the complaint that petitioner "was forced to trial without witnesses in his behalf," this allegation is disputed by the record, the journal entry of which was approved by his attorney. In part it reads:

"Thereupon a jury of twelve were duly examined, empaneled, and sworn to try the cause, and thereupon, said plaintiff made its opening statement and introduced its evidence. Thereupon defendant made his opening statement and introduced his evidence and rested."

When the matter of imposing sentence on the verdict of guilty came on for consideration it was properly established that petitioner

had theretofore entered a plea of guilty on two counts of forgery, in the district court of Comanche county, and petitioner admitted that he was the same person; in consequence of which the trial court, as in duty bound under the law, doubled the usual term of imprisonment prescribed for the crime for which the petitioner had been convicted.

This court has not failed to note carefully all the other matters urged by the petitioner, but discerns nothing further therein which is worthy of comment.

The application for the writ is denied and the cause is dismissed.